Submitted January 7; in A172967 and A174031, reversed and remanded February 9, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NORMAN DAVID WICKS, JR.,
*Defendant-Appellant.*

Columbia County Circuit Court
19CR65778
A172967 (Control), A174031

502 P3d 1214

Ted E. Grove, Judge. (Judgment entered November 27, 2019)

Jenefer Stenzel Grant, Judge. (Judgment entered April 23, 2020)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

In A172967 and A174031, reversed and remanded.

**PER CURIAM**

Defendant appeals a judgment convicting him of second-degree disorderly conduct, ORS 166.025, as well as a subsequent judgment revoking his probation in the same case. He asserts that the trial court erred in allowing him to represent himself at trial without first ensuring that he understood the dangers of self-representation. *See generally State v. Meyrick*, 313 Or 125, 133, 831 P2d 666 (1992) (explaining requirement that defendants must be aware of risks of self-representation, with an on-the-record colloquy being the preferred means of ensuring defendants are aware of such risks). The state concedes the error and agrees that it entitles defendant to reversal of both the conviction and the subsequent probation revocation.

A detailed description of what occurred here would not benefit the bench, the bar, or the public. We agree with the parties that the record is insufficient to support a knowing and intelligent waiver of the right to counsel and therefore accept the state's concession.

In A172967 and A174031, reversed and remanded.